UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLORIA SASU,  )<br>  )<br>Plaintiff,  )<br>  )    Civil Action No. 21-2872 (UNA)<br>  )<br>  )    Chief Judge Beryl A. Howell<br>US OPM *et al.*,  )<br>  )<br>Defendants.  )<br>  ) | |

## MEMORANDUM OPINION

This matter, brought *pro se*, is before the Court on review of Plaintiff's complaint and application to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case for want of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject-matter jurisdiction is lacking).

In the form "Complaint for a Civil Case," Plaintiff names as defendants "US OPM & US VA," which presumably are the Office of Personnel Management and the Veterans Administration. Under "Basis for Jurisdiction," Plaintiff mentions the 4th, 13th, and 27th Amendments, Compl. at 3, and lists the amount in controversy as "3 billion in lost wages & parental assets & death entitlements," *id*. at 4. The complaint does not include a cogent statement of facts. *See* Fed. R. Civ. P. 8(a) (setting minimal pleading requirements).

Sovereign immunity bars a suit against the United States and its agencies except upon consent, which must be clear and unequivocal. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations

omitted).  Plaintiff has cited no authority waiving sovereign immunity.  In addition, the request for $3 billion in lost wages deprives this Court of jurisdiction under the Tucker Act, which gives the U.S. Court of Federal Claims exclusive jurisdiction

> to render judgment upon any claim [exceeding $10,000] against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

*Kidwell v. Dep't of Army, Bd. for Correction of Mil. Recs.,* 56 F.3d 279, 283 (D.C. Cir. 1995) (quoting 28 U.S.C. § 1491); *see Palacios v. Spencer*, 906 F.3d 124, 127 (D.C. Cir. 2018) ("the Court of Federal Claims . . . had exclusive jurisdiction" over complaint "expressly" demanding "a judgment including an award of back pay exceeding $10,000").  Therefore, this case will be dismissed.  A separate order accompanies this memorandum opinion.

                                                                                    /s/  Beryl A. Howell
                                                                                      CHIEF JUDGE

Date:  November 9, 2021